UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

    Plaintiffs,                                Case No. 05-71141

v.                                              Honorable John Corbett O'Meara

INDUSTRIAL CONTRACTING, L.L.C.; and
THE LASALLE GROUP, INC.,

    Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT LASALLE'S NOVEMBER 16, 2006 MOTION FOR
SUMMARY JUDGMENT; GRANTING DEFENDANT LASALLE'S JANUARY 8, 2007
MOTION TO EXCLUDE EVIDENCE, PRECLUDE WITNESS TESTIMONY AND STRIKE
PORTIONS OF PLAINTIFFS' RESPONSE BRIEF; DENYING AS MOOT PLAINTIFFS'
JANUARY 12, 2007 MOTION FOR PARTIAL SUMMARY JUDGMENT; AND DENYING
AS MOOT DEFENDANT LASALLE'S MARCH 1, 2007
<u>MOTION FOR SCHEDULING ORDER</u>**

       This matter came before the court on defendant The LaSalle Group's ("LaSalle's") November 16, 2006 motion for summary judgment; defendant LaSalle's January 8, 2007 motion to exclude evidence, preclude witness testimony, and strike portions of Plaintiffs' response brief; Plaintiffs' January 12, 2007 motion for partial summary judgment; and defendant LaSalle's March 1, 2007 motion for scheduling order. All of these motions were fully briefed except Plaintiffs' motion for partial summary judgment, which the court interprets as a cross-motion to LaSalle's motion for summary judgment. Oral argument on LaSalle's motion for summary judgment was heard February 1, 2007; and although no other motions were set for hearing that day, the court heard argument on the motions that were pending as of that date.

**BACKGROUND FACTS**

Defendant Industrial Contracting ("Industrial") was incorporated August 21, 2001. Defendant The LaSalle Group terminated its collective bargaining agreement ("CBA") with the Michigan Regional Council of Carpenters ("MRCC") effective May 31, 2003; and on June 1, 2003, the following day, Industrial entered into a CBA with the union. That CBA is still in effect.

The gravamen of the complaint is that Defendants "are alter egos and are each contractually obligated to Plaintiffs pursuant to the collective bargaining agreement with the union." Complaint at 3. The alter ego analysis was created to stop companies from changing their operations to avoid preexisting union obligations, *i.e.,* a union-represented company forms a non-union company and funnels its work to the latter to avoid paying pension benefits to the funds.

Plaintiffs seek an order directing Defendants to submit their books and records for auditing. The plaintiff funds, however, do not claim that LaSalle or Industrial owe any fringe benefits for any of Defendants' employees; rather, the funds seek fringe benefits for LaSalle's subcontractors' employees.

For the first time in this litigation, Plaintiffs alleged in their response brief to LaSalle's motion for summary judgment that "LaSalle is bound to the local MRCC collective bargaining agreement through its international agreement with the United Brotherhood of Carpenters and Joiners of America ("UBCJA")." Plaintiffs' resp. br. at 2. Throughout discovery, Defendants proceeded under the assumption that Plaintiffs were not disputing that LaSalle legally terminated its agreement with the union on May 31, 2003. Following the filing of Plaintiffs' response brief, however, defendant LaSalle filed a motion to exclude evidence and preclude witness testimony and to strike portions of Plaintiffs' response brief that allege that LaSalle is still bound to the union contract by way of LaSalle's May 28, 1997 agreement with the international.

## LAW AND ANALYSIS

As a preliminary matter, the court will grant defendant LaSalle's motion to, among other things, strike portions of Plaintiffs' response brief. Plaintiffs failed to raise the issue of LaSalle's 1997 agreement with the United Brotherhood of Carpenters and Joiners of America ("UBCJA"), the international union, until their response to LaSalle's motion for summary judgment. Throughout discovery, there was no mention of this agreement. Importantly, there is nothing in the complaint that puts Defendants on notice that Plaintiffs were going to rely on that agreement. Instead, the parties conducted discovery, which ended November 10, 2006, under the assumption that LaSalle had legally terminated its CBA with the Michigan Regional Council of Carpenters. Plaintiffs' introduction of LaSalle's agreement with the UBCJA would fundamentally alter the nature of this suit. Therefore, the court will grant LaSalle's motion to exclude evidence, preclude witness testimony and strike portions of Plaintiffs' response brief.

The United States Court of Appeals for the Sixth Circuit has adopted the NLRB test to determine whether two enterprises constitute alter egos: whether the two have substantially identical management, business, purpose, operation, equipment, customers, supervision, and ownership. NLRB v. Fullerton Transfer & Storage Ltd., Inc., 910 F.2d 331, 336 (6th Cir. 1990). More recently, the Sixth Circuit refined this test in Trustees of Resilient Floor Decorators Ins. Fund v. A&M Installations, Inc., 395 F.3d 244 (6th Cir. 2005).

In the more recent case, the court affirmed the district court's finding that two enterprises were not alter egos even though the two worked on many of the same projects, had the same customers, shared office and warehouse space in the same building, shared office equipment and staff, and

3

answered each other's phones and assisted with payroll. Id. at 246. The appellate court explained that the alter ego doctrine hinges on the "intent to evade" fringe benefit obligations.

> Resilient Floor disregards the fact that 'an intent to evade' preexisting obligations is 'clearly the focus of the alter ego doctrine.' In the absence of some 'indication that the relations between [the companies] has changed over the years or has caused the [union] to receive less than that for which it bargained,' there is no inequity that would justify a court's imposition of liability.
>
> Our own court faced this same argument in a case with nearly identical facts to those presented here, in which an affiliate of Resilient Floor was the plaintiff, and we refused to apply the alter ego theory after concluding that there was 'no injustice, fraudulent intent, or need to protect employees from being deprived of anticipated benefits' that could justify an extension of the doctrine. Because Resilient Floor has not alleged in the present litigation that A & M concealed its close relationship with Carpet Workroom, and because there is no indication that Resilient Floor has not received the full benefit of its collective bargaining agreement with A & M, the application of the alter ego doctrine is inappropriate here as well.

Resilient Floors, 395 F.3d at 248 (citations omitted).

In Cement Masons' Pension Trust-Fund v. McCarthy, No. 04-74006, 2006 WL 770444, at *4, E.D. Mich. 2006), this court recently found that the Sixth Circuit has "categorically rejected application of the alter ego doctrine in the . . . situation . . . where a nonunion company establishes a union company and no preexisting labor obligations are disrupted."

In this case Plaintiffs have shown most of the similarities between LaSalle and Industrial that were required under Fullerton. However, under Resilient Floors, they are now required to do more, that is, to show LaSalle's intent to evade preexisting obligations to the union by creating a new company. This Plaintiffs have failed to do. Industrial was established almost two years before LaSalle ended all of its obligations to the union under the CBA; and LaSalle continued to meet its obligations until it terminated the CBA effective June 1, 2003. Plaintiffs have failed to present any

4

evidence to show that Industrial was formed or operated with the intended purpose of evading any of LaSalle's preexisting contractual obligations. Therefore, the court finds as a matter of law that the alter ego doctrine is inapplicable in this case; and LaSalle is no longer bound by the conditions of the CBA.

## ORDER

It is hereby **ORDERED** that defendant LaSalle's January 8, 2007 motion to exclude evidence, preclude witness testimony, and strike portions of Plaintiffs' response brief is **GRANTED.**

It is further **ORDERED** that defendant LaSalle's November 16, 2006 motion for summary judgment is **GRANTED.**

It is further **ORDERED** that Plaintiffs' January 12, 2007 motion for partial summary judgment is **DENIED AS MOOT.**

It is further **ORDERED** that LaSalle's March 1, 2007 motion for scheduling order is **DENIED AS MOOT.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Dated: July 25, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 25, 2007, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                Case Manager