UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

    Plaintiffs,                                  Case No. 05-71141

v.                                        Honorable John Corbett O'Meara

INDUSTRIAL CONTRACTING, L.L.C.; and
THE LASALLE GROUP, INC.,

    Defendants.
    _____/

## OPINION AND ORDER DENYING
## DEFENDANTS' MARCH 12, 2008 MOTIONS FOR FEES AND COSTS AND
## DENYING DEFENDANT LASALLE'S MAY 12, 2008 MOTION TO STRIKE

This matter came before the court on defendants The LaSalle Group's ("LaSalle's") and Industrial Contracting's March 12, 2008 motions for attorney fees and costs and defendant LaSalle's May 29, 2008 motion to strike Plaintiffs' notice of supplemental authority. Plaintiffs filed a response to Defendants' fees motions March 26, 2008; and defendant LaSalle filed a reply April 2, 2008. Plaintiffs filed a response to LaSalle's motion to strike June 11, 2008. Pursuant to Local Rule 7.1 (e)(2), no oral argument was heard.

On July 25, 2007, this court granted summary judgment to Defendants on Plaintiffs' complaint, which sought to audit Defendants and to find Defendants liable pursuant to a collective bargaining agreement under an alter ego theory. The complaint sought, among other things, "all sums shown by the audit to be due to Plaintiffs." Complaint at p. 3, ¶C. After the court's ruling on Defendants' motions for summary judgment, Plaintiffs filed a motion for reconsideration, which the court denied March 4, 2008. Defendant LaSalle now seeks $107,576.11 in attorney's fees and costs for the

services rendered by Steven A. Wright, P.C.; defendants Industrial Contracting and LaSalle seek an additional $68,671.68 in attorney's fees and costs for the services rendered by Abbott Nicholson, P.C.

## **LAW AND ANALYSIS**

The court has discretion to permit an award of attorney's fees in this case pursuant to 29 U.S.C. § 1132(g)(1). When exercising its discretion, the trial court should consider the following factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Tiemeyer v. Community Mut. Ins. Co., 8 F.3d 1094, 1101 (6th Cir. 1993) (citing Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985)).

In this case there is a certain degree of culpability, but perhaps not bad faith, on the part of Plaintiffs. The complaint alleged that Plaintiffs were compelled to file suit because "[d]espite demands by Plaintiffs, Defendant has failed, neglected and refused to permit the audit." Complaint at ¶9. However, Robert Reeves, Plaintiffs' auditor, testified that up to and through the time of filing the complaint, there was nothing in his file to show that Defendants had either failed to provide any information requested or failed to fully cooperate with the audit. Reeves dep. at p. 19-25. When Plaintiffs decided to pursue the alter ego claim against Defendants, Plaintiffs suspended the audit and filed this action. In retrospect, Plaintiffs may have been hasty in the filing of this suit; however, after they decided to pursue an alter ego claim, it is doubtful the parties would have resolved their issues without litigation.

As for the second factor, Plaintiffs have the ability to satisfy and award of attorney's fees. Third, it is difficult to speculate whether an award of fees in this case may have a deterrent effect on other suits against similar employers who withdraw from multiple-employer collective bargaining agreements. Fourth, although Defendant sought to confer a common benefit on all participants and beneficiaries of that particular plan, the suit failed to resolve significant legal questions regarding ERISA. Finally, despite the fact that Defendant ultimately prevailed in this lawsuit, the court finds that the suit was not entirely without merit. For all of these reasons, the court will deny Defendants' motions for fees and costs pursuant to both 29 U.S.C. § 1132(g)(1) and Rule 54(d)(1) of the Federal Rules of Civil Procedure.

## **ORDER**

It is hereby **ORDERED** that defendants LaSalle's and Industrial Contracting's March 12, 2008 motions for fees and costs are **DENIED.**

It is further **ORDERED** that defendant LaSalle's May 29, 2008 motion to strike Plaintiffs' notice of supplemental authority is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date: July 14, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 14, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager